879 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deanna BRAUN, Plaintiff-Appellant,
v.
OHIO BELL TELEPHONE CO., Defendant-Appellee.
 No. 88-3996.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE, District Judge.*
 PER CURIAM:
 
 
 1
 The appellant, Deanna Braun, appeals from the district court's granting of summary judgment in favor of the defendant, Ohio Bell Telephone Company (Ohio Bell). Braun had been a telephone operator with the defendant company since approximately 1956. Beginning in February 1984, Braun was suspended several times for rude behavior towards customers and other employees. Eventually, her employment was terminated altogether. After an administrative appeal seeking unemployment benefits, a state board reviewed her case and concluded that her firing was for "just cause," despite Braun's contentions to the contrary with assistance of counsel. The district court held that Braun was precluded from pursuing a wrongful termination suit in federal court under the doctrine of collateral estoppel in view of the adverse decision by the state tribunal. Regarding plaintiff's claim for disability benefits, the court held that there was no issue of triable fact and granted summary judgment for the defendant.
 
 
 2
 Ohio Bell maintains two employee benefit plans that are material to this appeal, a sickness and accident disability plan and a long-term disability plan. The sickness and accident disability plan pays benefits after the seventh day that an employee misses work because of established illness. The long-term disability plan requires that an employee maintain fifty-two consecutive weeks of coverage under the sickness and accident disability plan in order to qualify for long-term benefits.
 
 
 3
 The plaintiff was involuntarily placed on sick leave by the defendant in February 1984 after a series of incidents involving rude and disruptive behavior toward other employees and customers. Braun's behavior prompted a series of mental and psychological examinations by physicians chosen by her, and there was a finding by Dr. Young Yang Rhee, a psychiatrist employed by the defendant, that the plaintiff "needed inpatient care." Braun's sickness and accident disability benefits were terminated, and she was ordered to return to work on May 30, 1984, when Braun's doctors indicated, as she herself maintained, that she could return to work. Working again without a claim for disability benefits nor a claim that she was disabled, Braun ceased to be eligible for benefits under the express terms of Ohio Bell's sickness disability plan. On January 10, 1985, Braun was suspended again after another incident of discourtesy to a customer. After a meeting with her district manager five days later, during which she did not deny her rude behavior, the plaintiff was dropped from the payroll and given separation pay.
 
 
 4
 The State of Ohio Unemployment Compensation Board of Review considered Braun's appeal of denial of unemployment benefits on June 3, 1985. At that hearing the plaintiff had the right to counsel, the right to present, subpoena, examine, and cross-examine witnesses, the right to subpoena and present documentary evidence, and the right to present her claim. The Board determined that Braun was terminated for "just cause" and was ineligible to receive unemployment compensation in view of the $29,376.00 in termination pay she had already received from Ohio Bell. The plaintiff had a right of appeal to the Common Pleas Court, but did not pursue it.
 
 
 5
 The plaintiff contends that Ohio Bell breached its contract with her and terminated her for the purpose of depriving her of benefits under the sickness disability plan and/or the long-term disability plan. She argues that this termination violated ERISA Sec. 510, 29 U.S.C. Sec. 1140, and resulted in actual loss of disability benefits. Ohio Bell asserts that Braun's termination was for "just cause" and not for the motive asserted by Braun and that, therefore, the plaintiff had no cause of action under 29 U.S.C. Sec. 1140. See Rose v. Interlogic Trace, Inc., 652 F.Supp. 1328, 1330 (W.D.Tex.1987); Corum v. Farm Credit Services, 628 F.Supp. 707, 717-18 (D.Minn.1986).
 
 
 6
 We believe the record clearly demonstrates that "just cause" existed for the termination of Braun's employment by the defendant.[1] On several occasions in early 1984, and again in August 1984 and January 1985, Braun was cited for rude and discourteous behavior towards Ohio Bell customers. On January 27, 1984, Braun refused to repeat a telephone number for a customer. Ohio Bell then placed her on "final warning." The following August, she was given a warning for prematurely hanging up on customers. On January 3, 1985, the plaintiff was given verbal counseling for being loud and argumentative with customers. Finally, on January 10, 1985, a customer called to request a telephone number. Braun responded that there was no new listing for the requested party. When the customer asked whether she expected a new number to be assigned in the near future, Braun responded, "I do not tell fortunes." These actions by the plaintiff justified the employer's decision to discharge Braun. She does not deny this behavior. On appeal, she claims that she was mentally ill and needed treatment, but she made no such claim to Ohio Bell. Her own doctors did not support this contention raised on appeal.
 
 
 7
 The facts show that the plaintiff was given numerous warnings concerning her behavior toward customers. Her actions obviously were not in the best interests of the company and contravened the employer's guidelines for dealing with customers.
 
 
 8
 We agree with the Ohio Board of Review that there was just cause for terminating Braun. We further conclude that there is no material issue precluding our determination that Braun was not fired in order to deprive her of benefits under the sickness/disability plan. Accordingly, the decision granting summary judgment for the defendant is hereby AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Because just cause for Braun's termination is established by the record, we do not decide whether, as the district court found, the cause of action was precluded in federal court on collateral estoppel grounds by virtue of the prior determination of the Ohio Unemployment Compensation Board of Review