**Linda M. ROSE, et al., Plaintiffs,**

v.

**INTELOGIC TRACE, INC., Defendant.**

**No. SA–86–CA–850.**

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 30, 1987.

Frank Herrera, Herrera & Vega, Inc., San Antonio, Tex., for plaintiffs.

J. Tullos Wells, Dennis P. Duffy, San Antonio, Tex., for defendant.

## ORDER

H.F. GARCIA, District Judge.

On this day came on to be considered the motion of plaintiffs to remand, and defendant's response thereto. On April 9, 1986, plaintiffs instituted this lawsuit against defendant in the 131st Judicial District Court of Bexar County, Texas. On May 23, 1986, a date within thirty (30) days after being served with a copy of plaintiffs' petition, defendant filed its petition for removal to this Court pursuant to Title 28 U.S.C. Section 1441. In their original petition, plaintiffs allege that Linda M. Rose and Debra Hernandez were employees of defendant and that they were terminated by defendant "in an attempt to step aside its responsibility regarding investing of company retirement benefits, vacation benefits and other company benefits which would inure to the benefits of said employees had they retained their employment status." Defendant has urged that removal is appropriate because plaintiffs have stated a cause of action which is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), Title 29 U.S.C. Section 1001 et seq. Under Title 28 U.S.C. Section 1331 and Title 29 U.S.C. Section 1132(e), federal district courts have original jurisdiction over ERISA claims. In their motion to remand, plaintiffs argue that no federal question is stated in their original petition and that, therefore, this Court lacks jurisdiction over their lawsuit.

In determining whether federal jurisdiction exists, the Court must apply the "well-pleaded complaint" rule. Whether a case is one arising under the constitu-

tion or laws of the United States for jurisdictional purposes must be determined from plaintiff's statement of his own claim unaided by any defenses which the defendant may interpose. *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). Neither the defendant's answer nor its petition for removal may serve as the basis for federal jurisdiction to the extent that each may assert that the plaintiff's claim arises under federal law. *Powers v. South Central United Food and Commercial Workers Unions and Employers Health and Welfare Trust,* 719 F.2d 760, 764 (5th Cir.1983). An asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction. *Ibid.* An independent and established corollary of the well-pleaded complaint doctrine provides that a plaintiff may not defeat removal by fraudulent means or by artfully failing to plead essential federal issues in the complaint. *Id.,* at 765. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). *Eittmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 365 (5th Cir.1984). Upon removal a federal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if plaintiff has couched his pleading exclusively in terms of state law. *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980). The Court must look to the substance of the complaint and not to the labels used in it. *Ibid.*

▮ Defendant contends that plaintiffs have stated a cause of action under Section 510 of ERISA, Title 29 U.S.C. Section 1140. That provision provides in pertinent part that it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary of a plan protected by ERISA for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. Plaintiffs do not dispute that ERISA is applicable to the retirement plan and

other employment benefits of defendant. The termination of an employee to prevent the vesting of his pension benefits violates Section 510. *Kross v. Western Electric Company, Inc.,* 534 F.Supp. 251, 254 (N.D. Ill.1982), *affirmed in part and reversed in part,* 701 F.2d 1238 (7th Cir.1983). No ERISA cause of action lies, however, when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment. *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982), *affirmed,* 742 F.2d 1441 (2d Cir.1983). A plaintiff can recover under Section 510 if he can show that the reasons given by the employer for his termination were pretextual and if the true purpose of his discharge was to deprive him of pension rights. *Ferguson v. Freedom Forge Corp.,* 604 F.Supp. 1157, 1162 (W.D.Pa.1985). *See, Ursic v. Bethlehem Mines,* 556 F.Supp. 571 (W.D.Pa.1983), *affirmed in part and vacated in part,* 719 F.2d 670 (3rd Cir.1983). As cited above, plaintiffs allege in their original petition that defendant terminated their employment in an attempt to avoid the vesting of their company retirement benefits, vacation benefits and other company benefits. According to plaintiffs own allegations then, the deprivation of pension benefits was a motivating factor for and not a mere consequence of their termination.

In plaintiffs' first amended original petition, they have amended this allegation to exclude any reference to retirement benefits. It does however continue to allege that defendant terminated them in an attempt to avoid the payment of vacation benefits and other company benefits to plaintiffs. This "artful" pleading does not alter the result. Whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the removal petition was filed. *In re Carter,* at 1101. A plaintiff cannot rob a district court of jurisdiction by electing to amend away the grounds for federal jurisdiction. *Ibid.* Even though plaintiffs did not refer to ERISA in their state petition, their claim that they were terminated by

defendant in an attempt to deprive them of company retirement benefits is a claim preempted by ERISA, and removal is proper. *Clorox v. United States District Court,* 779 F.2d 517, 521 (9th Cir.1985). *Cahall v. Westinghouse Electric Corp.,* 644 F.Supp. 806 (E.D.Pa.1986). *Baker v. Kaiser Aluminum and Chemical Co.,* 608 F.Supp. 1315, 1318 (N.D.Cal.1984).

It is, therefore, ORDERED that plaintiffs' motion to remand be, and it hereby is, DENIED.