**Alan D. STUART, Plaintiff,**

v.

**ROSS ROY, INC., a Michigan corporation, Defendant.**

**Civ. No. 88–74221.**

United States District Court, E.D. Michigan, S.D.

Dec. 16, 1988.

On Motion for Rehearing Jan. 18, 1989.

Bernard P. Paige, Barbier, Petersmarck, Tol, Mead & Paige, P.C., Birmingham, Mich., for plaintiff.

Joseph C. Marshall III, Dickenson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER OF REMAND

COHN, District Judge.

### I.

On November 30, 1988 the Court *sua sponte* issued an order to show cause to defendant why this case should not be remanded for improvident removal to the Wayne County Circuit Court. The case was initially filed there on September 27, 1988 and removed to this Court by defendant on October 19, 1988 on the grounds that the allegations of paragraph 22 of the complaint stated a claim under § 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140.

Paragraph 22 reads:

22. That in fact, the elimination of both Plaintiff's job description and his department was unnecessary. Said "elimination" was rather a paper transaction used by Defendant to rid the company of older employees such as Plaintiff before the company became obligated to pay increasing retirement benefits that would vest had Plaintiff been allowed to retire at a later time.

The case was improvidently removed and accordingly is REMANDED to the Wayne County Circuit Court.

### II.

Plaintiff is a resident of Michigan. Defendant is a Michigan corporation. There is no diversity. Therefore federal jurisdiction must be predicated on a claim under a federal statute.

The complaint is in five counts, runs thirteen pages and contains fifty-four paragraphs. Count I alleges breach of a *Toussaint*-type contract, *Toussaint v. Blue Cross–Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980). Count II alleges negligent evaluation. Count III alleges breach of an implied covenant of good faith and fair dealing. Count IV alleges intentional infliction of emotional distress. Count V alleges age discrimination in violation of Michigan's Elliott–Larsen Civil Rights Act, Mich.Comp.Laws Ann. § 37.2101 *et seq.* The claims are those typically asserted in the loss of a job and the circumstances of a discharge or reduction in force. More in the way of facts are alleged in the complaint than is required or necessary under notice pleading.

■ Paragraph 22 does not specifically allege a violation of ERISA nor does it allege that plaintiff was terminated for the purpose of interfering with his attainment of rights under an employee benefit plan. Indeed, no specific benefit plan is described. Paragraph 22 does no more than allege that the loss of retirement benefits was a consequence of plaintiff's termination. The Court is satisfied that plaintiff does not claim a violation of ERISA in count I; accordingly, removal was improvident. Something more is required than is alleged in paragraph 22 to make out a claim for violation of ERISA, particularly when the other twenty-nine paragraphs of count I are directed to plaintiff's work history, work environment and the representations and promises allegedly made by defendant. *See McKay v. Capital Cities Communications, Inc.*, 605 F.Supp. 1489, 1491 (S.D.N.Y.1985).

SO ORDERED.

### ON MOTION FOR REHEARING

Defendant has moved for rehearing, Local Rule 17(m) (E.D.Mich.), on the order of remand entered December 16, 1988. The motion is DENIED. Defendant misapprehends the reasons for the order.

■ The Court is well acquainted with the decisions in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), *Morningstar v. Meijer, Inc.*, 662 F.Supp. 555 (E.D.Mich.1987), and their progeny. The reasons for the remand involve more the ambiguous, at best, nature of the claim made by plaintiff and less the substantive law. A fair reading of Count I of the complaint, and particularly paragraph 22, discloses a breach of a *Toussaint* contract and its consequences. It states only a single claim. Mich.Court Rule 2.111(B) and Fed.R.Civ.P. 8(a). If it was plaintiff's intention to state a claim for violation of 29 U.S.C. § 1140 (ERISA), he did not do so in a clear and unambiguous fashion.* As explained in *Metropolitan Life Ins. Co.*, 481 U.S. at 63, 107 S.Ct. at 1546, 95 L.Ed.2d at 63 "[A] cause of action arises under federal law only when the plaintiff's *well-pleaded complaint raises issues of federal law.*" (emphasis added) (citations omitted). After remand, if plaintiff amends his complaint to clearly state a claim for violation of § 1140, defendant may again consider removal. The additional burdens occassioned by such an extended procedure is not too much a price to pay to assure that plaintiff is in fact asserting a claim under federal law. *See generally,* Steinman, *Removal, Remand and Review in Pendent Claim and Pendent Party Cases,* 41 Vand.L.Rev. 923 (1988). Defendant is, of course, aware that if the Court had been satisfied paragraph 22 stated a claim under federal law it is more than likely the pendent state law claims would have been remanded or dismissed. *See United Mineworkers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), since the federal claim would be insignificant in relation to the totality of the claims asserted.

SO ORDERED.

* In his Response To Defendants' Motion For Rehearing plaintiff expressly denies he is making a claim for violation of ERISA.