**Ronald E. YAGEMAN, Plaintiff,**

v.

**VISTA MARIA, SISTERS OF THE GOOD SHEPHERD, a non-profit corporation, Defendant.**

**No. 90–72680–DT.**

United States District Court, E.D. Michigan, S.D.

May 2, 1991.

John P. Ogurek, Birmingham, Mich., for plaintiff.

Sheila A. Kinney, Grand Rapids, Mich., for defendant.

OPINION

DUGGAN, District Judge.

This action was originally filed in Wayne County Circuit Court. Defendant removed this case to this Court contending that the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*, preempts plaintiff's employment claims against defendant. Since removal, defendant has filed a motion to dismiss and for summary judgment with regard to plaintiff's claims. Plaintiff has filed a response to this motion.

Defendant's motion and plaintiff's responses thereto have caused this Court to carefully examine plaintiff's claims. A review of plaintiff's complaint convinces this Court that it does not have subject matter jurisdiction. Therefore, a remand of this matter to the Wayne County Circuit Court is required under the terms of 28 U.S.C. § 1447(c).[1]

Defendant, in its notice of removal, refers specifically to paragraphs 13(F), 18(C), 18(G), and 18(H) of plaintiff's complaint. In defendant's view, the claims set forth in the cited paragraphs, assert an ERISA claim, thus providing this Court with jurisdiction, via preemption, over plaintiff's complaint.

---

1. The removal statute at § 1447(c) provides, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

The Court disagrees with defendant's contention that plaintiff's complaint sets forth an ERISA claim. A fair reading of plaintiff's complaint reveals that he is suing defendant for age and sex discrimination in violation of Michigan's Elliott–Larsen Civil Rights Act.[2] (Complaint at Paragraphs 15, 16, 17, 18(A), 19).

Plaintiff's complaint does not assert a cause of action against plaintiff for denial of ERISA-covered employee benefits. Defendant correctly points out that, in his complaint, plaintiff alleges that defendant took various actions against him which resulted in a denial of benefits.[3] This Court concludes, however, that such allegations relate only to the damages plaintiff has suffered as a result of defendant's alleged discrimination against plaintiff. Indeed, when the four paragraphs cited by defendant in support of its claim of ERISA preemption are viewed in the context of plaintiff's *entire* complaint, it is evident that such paragraphs allege only that the damages suffered by plaintiff as a result of the discriminatory conduct of defendant include a loss of benefits.

While admittedly there is language in plaintiff's complaint that defendant, by its discriminatory acts, intended to deny him benefits, the real gravamen of plaintiff's complaint is that he was discharged as a result of age and sex discrimination. The fact that the damages that plaintiff allegedly suffered as a result of defendant's wrongful conduct included a loss of ERISA benefits does not convert plaintiff's claim into a claim under ERISA. In this case, plaintiff's complaint seeks damages "in excess of $500,000," including a loss of salary, damages for "emotional and mental trauma," expenses of "professional medical care and treatment of plaintiff," as well as for loss of benefits. (*See* Plaintiff's Complaint at pp. 9–10). " '[N]o ERISA cause of action lies ... when the loss of pension benefits was a mere consequence of, but not a motivating factor behind the termination [or loss] of benefits.' " *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir.1988) (quoting *Rose v. Intelogic Trace, Inc.*, 652 F.Supp. 1328, 1330 (W.D.Tex.1987)).[4]

In this Court's opinion, plaintiff's claims are "too tenuous, remote or peripheral" to warrant a finding that they "relate to and thus are preempted by ERISA." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983).

This Court concludes that no federal subject matter jurisdiction exists with regard to plaintiff's claims against defendant. Plaintiff's complaint does not contain a claim preempted by ERISA. Rather, plaintiff's complaint contains only claims based upon state law. Accordingly, under 28 U.S.C. § 1447(c), this Court must remand this matter back to state court.

An order consistent with this Opinion shall be prepared by the parties and submitted to this Court for entry.

---

**2.** *See* Mich.Comp.Laws Ann. § 37.2102 *et seq.*

**3.** For purposes of this opinion the Court will assume that all "benefits" that plaintiff refers to in his complaint are ERISA-covered benefits.

**4.** *See also Stuart v. Ross Roy, Inc.*, 703 F.Supp. 42 (E.D.Mich.1988) (no ERISA preemption of state law claims where complaint's allegations of denial of benefits relates only the consequences of an employer's actions); *Schlenz v. United Airlines, Inc.*, 678 F.Supp. 230, 235 (N.D. Cal.1988) (ERISA does not preempt claims for damages based on lost opportunity to earn employee benefits).