**James A. NOWOC, Plaintiff,**

v.

**RHEEM MANUFACTURING COMPANY and Walter Casey, Defendants.**

Civ. A. No. L–91–70.

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 19, 1991.

Ricardo DeAnda, Laredo, Tex., for plaintiff.

Horace Hall, Laredo, Tex., for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the court is Plaintiff's motion to remand, and Defendants' response to it. Also pending is Defendants' motion for summary judgment; however, the threshold issue of jurisdiction must first be resolved.

This case was originally filed in the 111th Judicial District Court of Webb County Texas. There is no complete diversity of citizenship between the parties. Plaintiff alleged that he was fired without cause, in violation of an alleged duty of good faith and fair dealing. Plaintiff sought relief in the form of monetary damages seeking loss of future and past wages, "fringe benefits," and out-of-pocket expenses. Plaintiff expressly alleged no federal claim. His pleadings make no mention of ERISA nor of an alleged interference with payment under or contribution to a pension plan.

Defendants removed on the proposition that because the plaintiff is seeking reimbursement for potential retirement benefits, the existence of the pension plan becomes a critical factor in establishing liability under Texas employment law. They assert that the cause of action is preempted by ERISA.

Certain long-standing principles are implicated here. First, proper removal depends on whether the case falls within the "federal question" jurisdiction of the United States District Court. *Franchise Tax Board v. Const. Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). A case "arises under" federal law when the vindication of a right under state law necessarily turns upon some construction of federal law. *Id.* at 9,

103 S.Ct. at 2846. A cause of action generally arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co., v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of federal district courts. *Metropolitan Life Ins. Co.*, 481 U.S. at 63, 107 S.Ct. at 1546; *Franchise Tax Board, supra.* The plaintiff's complaint rather than the defendants' removal petition must establish federal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Franchise Tax Board*, 463 U.S. at 8, 103 S.Ct. at 2845–46. *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 542 (5th Cir.1990).

A narrow exception to the "well-pleaded complaint rule" exists when "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co.*, 481 U.S. at 63–64, 107 S.Ct. at 1546.[1] ERISA preempts state laws relating to specific subjects covered by ERISA. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900–01, 77 L.Ed.2d 490 (1983).

Defendants rely on the ERISA exception to the well-pleaded complaint rule by citing *Ingersoll–Rand Co. v. McClendon*, — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In *McClendon*, the Supreme Court held that a claim that the employer wrongfully terminated the plaintiff because of the employer's desire to avoid contributing to or paying benefits under the employee's pension fund "relates to" an ERISA-covered plan within the meaning of 29 U.S.C. § 1144(a), and is therefore preempted. *McClendon* is not controlling in the instant case, however, because it involved an allegation that the plaintiff's dismissal was based upon his employer's desire to avoid paying into the pension plan. The court stated that "in

---

1. In *Metropolitan Life,* the Court held that an employee's common law contract and tort claims which arose from an employer's insurer's termination of his disability benefits under an ERISA—covered plan were preempted by ERISA. The court held that although the defense of ERISA did not appear on the face of the complaint it was necessarily federal in character by virtue of the clearly manifested intent of Congress.

order to prevail, a plaintiff must plead and the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment." 111 S.Ct. at 483. The Court added that "Section 514(a) of ERISA was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefit law." *Id.* at 484. The Supreme Court relied on *Fort Halifax Packing Co. Inc. v. Coyne,* where the Court stated that "Congress intended preemption to afford employers the advantages of a uniform set of administrative procedures governed by a uniform set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation. It is for this reason that Congress pre-empted state laws relating to *plans* rather than simply *benefits." Fort Halifax Packing Co. Inc. v. Coyne,* 482 U.S. 1, 12, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987) (emphasis in original).

In the instant case, Plaintiff's original state court pleadings made no mention of ERISA and made no claim that Plaintiff was being fired for the purpose of depriving him of retirement benefits. Moreover, Plaintiff made no claim of improper processing of benefits nor that Plaintiff was being denied ERISA benefits to which he was already entitled. *See e.g., Ramirez v. InterContinental Hotels,* 890 F.2d 760 (5th Cir.1989). The original state court pleadings simply alleged a wrongful firing and sought damages for various items including "fringe benefits." This Court agrees with the view that no ERISA preemption occurs when the loss of pension benefits is a mere consequence, but not a motivating factor behind, the termination of benefits. *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1405 (9th Cir.1988). *See also, Yageman v. Vista Maria Sisters of the Good Shepherd,* 767 F.Supp. 144, 145 (E.D.Mich.1991); *Tippett v. Old Kent Bank of Petoskey,* 134 F.R.D. 159, 161 (W.D.Mich.1991).

▮ Defendants implicitly concede that Plaintiff's original pleadings were not fed-eralized by ERISA, since their removal attempt would be untimely if based on the original petition. Instead Defendants say that the case became removable only when Plaintiff answered an interrogatory which asked him to state all facts supporting the allegation that Rheem had breached a duty of good faith and fair dealing. Plaintiff's terse answer was, "... 27 years of service with the company, the imminent closing of the Chicago plant, and the potential retirement benefits otherwise at my disposal." The Court seriously doubts that this answer brings the instant case under the *McClendon* holding. In any event, Plaintiff has now filed a First Amended Original "Petition" eliminating the cause of action for breach of duty of good faith and fair dealing and eliminating any claim for damages for "fringe benefits." There is no indication that Plaintiff asked leave to file this amended pleading, but in view of the liberal amendment policy of Rule 15, Fed. R.Civ.P., leave to amend is GRANTED. Whatever arguable basis existed for an ERISA claim has now been removed from the case.

Assuming *arguendo* the case was properly removed, the issue then is whether the Court should exercise its discretion in remanding the case to state court now that any vestige of a federal claim has been eliminated. *Carnegie Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Defendants oppose remand primarily on the theory that Plaintiff is engaging in forum manipulation, one of several factors to be considered under *Cohill.* Other factors include judicial economy, convenience, fairness and comity. Balancing all factors, the Court concludes that remand is appropriate here. First, it is straining to say that the Plaintiff is engaged in forum manipulation. The Plaintiff obviously has tried to be in state court from the outset. He was brought to federal court only on the proposition that his answer to one interrogatory could be construed as stating an ERISA claim. All other factors point to a remand. This is a relatively new case and little activity has occurred in federal court since the removal less than 3 months ago. It is questionable whether this case ever belonged in federal court and now it is a clearly a matter

having no federal implication whatever. The case will be decided on a relatively straightforward application of Texas employment law.

For the foregoing reasons, the motion to remand is GRANTED.[2]

---

**2.** Defendants have also urged that Plaintiff's motion to remand is untimely. If federal jurisdiction never existed, remand could and should be ordered any time before final judgment. 28 U.S.C. § 1447(c). If the case became subject to discretionary remand only after the filing of the amended "petition," the motion to remand was timely filed.