**Donald R. SAMUEL, M.D., Plaintiff,**

v.

**Charles G. LANGHAM, III, M.D., All Saints Episcopal Hospitals of Fort Worth and all Partnerships, Unincorporated Associations, Private Corporations and/or Individuals doing business under the Assumed Names Charles G. Langham, III, M.D., P.A.; Charles G. Langham, M.D., and/or All Saints Episcopal Hospitals of Fort Worth, Defendants.**

Civ. A. No. 4-91-652-A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 9, 1992.

Clifford Bernard Rodgers, Law Office of Clifford B. Rodgers, Fort Worth, Tex., for Donald R. Samuel, M.D.

Randy J. Hall, Decker Jones McMackin McClane Hall & Bates, Fort Worth, Tex., for All Saints Episcopal Hospitals of Fort Worth, and all Partnerships, Unincorporated Associations, Private Corporations.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motions of plaintiff, Donald R. Samuel, M.D. ("Sam-

uel"), to remand and for sanctions. The court, having considered the motions, the responses filed by defendants, Charles G. Langham, III., M.D. ("Langham"), and All Saints Episcopal Hospitals of Fort Worth, Inc., ("All Saints"), the record and the applicable authorities, finds that the action should be remanded and that Samuel should have recovery from All Saints of his costs and actual expenses incurred as a result of the removal.

## NATURE OF THE CASE

Samuel instituted this suit in the 348th District Court of Tarrant County, Texas, alleging state law causes of action for recovery of damages growing from an alleged breach of an employment contract[1]. All Saints filed a notice of removal, asserting diversity jurisdiction and federal question jurisdiction. Both defendants now admit that there was no valid basis for removal grounded in diversity. *See* All Saints' Response to Samuel's Motion to Remand at 2, and Response and Brief of Defendant Charles G. Langham III, M.D., to Plaintiff's Motion to Remand and Motion for Sanctions at 2. The basis for federal question jurisdiction suggested by All Saints is preemption under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001–1461 (1973 & Supp.1991).

## THERE IS NO ERISA PREEMPTION

For purposes of this opinion, the court will assume that the affidavits of Lyons and Langham establish that employee benefit plans covered by ERISA were maintained by one of the defendants. *See* Appendix Exs. "B" and "C" to All Saints' response to motion to remand.

■ ERISA's provisions supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan covered by . ERISA. 29 U.S.C.

§ 1144(a) (1985). ERISA defines "state law" to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1) (1985). Therefore, the determinative question in this case is whether Samuel's causes of action "relate to" an employee benefit plan. For the purposes of ERISA preemption, "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 7–8, 107 S.Ct. 2211, 2215–16, 96 L.Ed.2d 1 (1987) (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983)). The breadth of ERISA's preemption clause was recently discussed by the Supreme Court in a case involving the alleged wrongful discharge of an employee purportedly inspired by the employer's desire to deprive the employee of his pension. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). There, the Court stated that causes of action that make specific reference to, and are premised on, the existence of, an employee benefit plan necessarily "relate to" such a plan and are, as a result, preempted by ERISA. *Id.*, 111 S.Ct. at 483. Notwithstanding ERISA's broad preemptive effect, however, the Court has indicated that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490, 503 n. 21 (1983); *Ingersoll–Rand*, 111 S.Ct. at 483.

Defendants rely heavily on *Ingersoll–Rand*. That case is inapposite to the case at bar. In *Ingersoll–Rand*, the plaintiff, McClendon, brought suit against his former employer, Ingersoll–Rand, in a Texas state court alleging wrongful termination

---

**1.** Samuel alleges that in June 1988, he and Langham made an agreement whereby Samuel was to relocate from Oakpark, Michigan to Fort Worth, Texas, to work in Langham's medical practice and to help establish a proposed satellite medical clinic that would be operated in conjunction with All Saints. *See* Plaintiff's Orig- inal Petition at 2. He alleges that on June 26, 1989, he began the duties of employment and performed under the contract until August 7, 1989, when Langham allegedly breached the employment contract by discharging him without good cause. *Id.* at 5.

based on the employer's desire to avoid making contributions to his pension fund. *Ingersoll–Rand,* 111 S.Ct. at 481. The Texas Supreme Court held that "under Texas law a plaintiff could recover in a wrongful discharge action if he establishes that 'the principal reason for his termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund.'" *Id.* (quotes from *McClendon v. Ingersoll–Rand Co.,* 779 S.W.2d 69, 71 (Tex.1989)). However, the United States Supreme Court reversed that decision, holding that ERISA explicitly and impliedly preempts a state common law claim that an employee was unlawfully discharged to prevent his attainment of benefits under a plan covered by ERISA. *Id.* at 482.

■ In contrast, Samuel's petition does not allege that the employment contract was breached to prevent him from receiving pension or other plan benefits. There is no suggestion made by Samuel, whatsoever, that "the true purpose of his discharge was to deprive him of pension rights." *Rose v. Intelogic Trace, Inc.,* 652 F.Supp. 1328, 1330 (W.D.Tex.1987). Rather, he expressly alleges that the reason for his discharge was a fact entirely unrelated to the employee benefits he claims he lost because of his discharge.[2] No ERISA cause of action lies when the loss of employee benefits is a mere consequence of, but not a motivating factor behind, the termination of employment. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1405 (9th Cir.1988); *Nowoc v. Rheem Mfg. Co.,* 772 F.Supp. 977, 979 (S.D.Tex. 1991); *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd,* 742 F.2d 1441 (2d Cir.1983). The inescapable conclusion is that Samuel's causes of action are, at best, only remotely related to an employee benefit plan. A mere tenuous connection between his claims and a benefit provided under an ERISA plan does not support preemption. Moreover, preemp-

tion in this action would not further the purpose of ERISA's preemption provision, that being, to insure that the administrative practices of a benefit plan will be governed by only a single set of regulations. *See Fort Halifax Packing Co.,* 482 U.S. at 11–12, 107 S.Ct. at 2217–18. "Quite clearly, there must be a point beyond which ERISA was not designed to reach." *Jaskilka v. Carpenter Technology Corp.,* 757 F.Supp. 175, 178 (D.Conn.1991) (quoting from *Totton v. New York Life Ins. Co.,* 685 F.Supp. 27, 30 (D.Conn.1987)). The case at bar involves such a point.

### FAILURE OF ALL DEFENDANTS TO JOIN IN REMOVAL

■ Even if ERISA did preempt Samuel's claims, removal nevertheless was improper in this case. As a general rule, all defendants must join in the notice of removal to effectuate proper removal. *See Luckett v. Harris Hospital–Fort Worth,* 764 F.Supp. 436, 442 (N.D.Tex.1991). When there is a doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Id.*

■ In its notice of removal, All Saints states "this defendant would show that all the defendants in the State court action which is the subject of this removal agree to this removal." Notice of Removal at 5. Although consent to removal is all that is required under 28 U.S.C. § 1446, a defendant himself must consent to the removal. *Id.* This does not require each defendant to sign the original notice of removal; however, there must be some timely "written indication" of each served defendant, or from some representative purporting to have authority to formally act on the defendant's behalf in this respect, showing that the defendant has actually consented to such a removal. *Id.* On November 7, 1991, two months after the notice of removal was filed by All Saints, Langham filed a response to Samuel's motion to remand and

---

2. Samuel alleges that "Defendants sought instead to find some pretext so that they could allege that PLAINTIFF had materially breached the employment contract so that the employment contract could be terminated without just-

ly compensating PLAINTIFF for their decision, for economic or other reasons known only to the DEFENDANTS, not to develop and operate the planned satellite medical clinic." Petition at 7–8.

stated in the response that he consented to removal of this case. Langham's Response to Plaintiff's Motion to Remand and Motion for Sanctions at 2. Until Langham filed his response, there was nothing in the record, other than the contention made by All Saints in its notice of removal, that Langham consented to removal. Such purported consent, however, was not timely made because all served defendants must join in the notice no later than thirty days from the day on which the first defendant was served. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.1988).

In this case, Samuel did not timely seek remand on the ground that Langham failed to join in the removal notice. *See* 28 U.S.C. § 1447(c) (Supp.1991). The court may, however, *sua sponte* remand an improperly removed action after expiration of the thirty-day deadline. *Blackmore v. Rock–Tenn Co. Mill Div., Inc.*, 756 F.Supp. 288, 289 (N.D.Tex.1991). In determining whether to *sua sponte* remand, the court considers (1) the procedural history of the action, (2) the role of the opposing party in raising the nonremovability question, and (3) whether remand would result in an injustice to a party. *Id.* In this action, there has been no substantive ruling by the court since the filing of the notice of removal. Furthermore, although Samuel's motion to remand was untimely, the court notes, through the exhibits attached to Samuel's motion, that starting on September 13, 1991, only four days after All Saints filed its notice of removal, the attorney for Samuel repeatedly urged counsel for All Saints and Langham, respectively, to agree to a remand, advising them of the intent of Samuel to file a motion to remand if agreement could not be reached—indeed, Samuel's attorney provided lengthy legal arguments with citations and authorities, to opposing counsel starting with a letter dated September 23, 1991, in an effort to persuade them that the removal should not have been made. Plaintiff's Motion to Remand, Motion for Sanctions, Motion for Hearing, and Brief in Support Thereof, exs.

"A", "D", "E", "F", and "G". This case has been pending for only a few months, and an order of remand would not result in an injustice to the parties. Instead, there would be an injustice if there was no remand.

## REMAND

For all the foregoing reasons, the court finds and concludes that this action should be remanded to the state court from which it was removed.

## AWARD TO PLAINTIFF OF COSTS AND EXPENSES

Samuel has moved for Rule 11 sanctions.[3] While the question of whether Rule 11 sanctions should be imposed on defendants and/or defense counsel is close, the court has determined that, on the basis of the record now made, sanctions should not be imposed under Rule 11. However, the court considers that Samuel's request for sanctions is broad enough to include a request for payment of "just costs and any actual expenses, including attorneys' fees [incurred by plaintiff] as a result of the removal." 28 U.S.C. § 1447(c). The court has concluded that, in the interests of justice, All Saints should be required to make such a payment to Samuel.

The court is ordering that Samuel is entitled to recover from All Saints $7,545.00 as reasonable attorneys' fees incurred by him as a result of the removal of this action by All Saints, plus whatever additional costs and actual expenses he has incurred as a result of the removal, including any expenses incurred by him because of or in connection with the conference attended by him and his counsel pursuant to the directives of the court's October 3, 1991, order. The court will make a supplementary or amended order on the subject of payment by All Saints of costs and expenses once the court has received, in affidavit form, verification of any costs and expenses incurred by Samuel as a result of the removal that were not included in the itemization of attorneys' fees set forth in

---

**3.** Fed.R.Civ.P. 11.

the affidavit of Clifford B. Rogers, which is Exhibit "G" to Plaintiff's Motion to Remand, Motion for Sanctions, Motion for Hearing, and Brief in Support Thereof.

## ORDER

The court, therefore, ORDERS that (i) Samuel's motion to remand be, and is hereby, granted; and (ii) the above-styled and numbered action be, and is hereby, remanded to the 348th District Court of Tarrant County, Texas.

The court directs the clerk of court to mail a certified copy of this order to the clerk of the state court from which this case was removed.

The court further ORDERS that Samuel have and recover from All Saints SEVEN THOUSAND FIVE HUNDRED FORTY-FIVE DOLLARS ($7,545.00) as reasonable attorneys' fees incurred by him as a result of the removal of this action by All Saints, plus whatever additional costs and actual expenses he has incurred as a result of the removal, plus interest on the total thereof from the date of this memorandum opinion and order until paid at the rate of four and $^{41}/_{100}$ percent (4.41%) per annum.

The court further ORDERS that Samuel shall have until 4:00 p.m. on January 21, 1992, within which to file with the clerk written verification, in affidavit form, of any additional costs and actual expenses he has incurred as a result of the removal, including any expenses incurred by him because of or in connection with the conference attended by him and his counsel pursuant to the directives of the court's October 3, 1991, order. Following receipt of such verification, if it is provided, the court will make a supplemental or amended order with respect thereto.

THE COURT SO ORDERS.