Joe L. **MALDONADO**, Plaintiff,

v.

**J.M. PETROLEUM CORPORATION, et al., Defendants.**

Civ. A. No. H–91–3418.

United States District Court, S.D. Texas, Houston Division.

Aug. 18, 1993.

B. Craig Deats, Tracey Whitley, Austin, TX, for plaintiff.

Steven R. McCown, Dallas, TX, for defendant J.M. Petroleum.

Linda Ottinger Headley, Houston, TX, for defendant Phibro Energy.

OPINION ON REMAND

HUGHES, District Judge.

### 1. Introduction.

After being fired, Joe Maldonado sued J.M. Petroleum and Phibro Energy in state court for reinstatement and for an award equal to backpay and other benefits. Phibro Energy, the successor company, will be dismissed because J.M. Petroleum was Maldonado's employer. The liability of Phibro Energy is a matter for postjudgment proceedings. J.M. Petroleum removed the suit claiming a federal question under ERISA. Because Maldonado is seeking the value of his truncated employment at J.M. Petroleum, including the value of all employee benefits, his claim does not relate to ERISA.

### 2. Background.

J.M. Petroleum Corporation employed Maldonado as a truck driver for six years. Maldonado had a wreck in 1990, injuring himself and damaging the truck. He filed a worker's compensation claim a month later and was fired two months later. Five months after he was fired, Maldonado filed a charge of racial employment discrimination with the EEOC.

Maldonado asserts there that J.M. Petroleum fired him in a retaliation for filing a worker's compensation claim. He also says that J.M. Petroleum terminated him because he is Hispanic. Maldonado sued in state court for backpay, reinstatement, and an award equal to the value of vacation, insurance, holiday, profit-sharing, and pension benefits. J.M. Petroleum removed the action on the ground that ERISA preempted the state claims. Maldonado contends that ERISA does not preempt his claims because they do not relate to ERISA, and he concedes that J.M. Petroleum did not fire him to avoid employee benefits.

### 3. Discussion.

Congress enacted ERISA to protect uniformly participants in employee benefit plans. 29 U.S.C. § 1001(b) (1990). ERISA expressly supersedes all state laws that relate to employee benefit plans. 29 U.S.C. § 1144(a). ERISA's broad preemp-

tive power, however, does not reach those claims not related to employee benefit plans. *Nowoc v. Rheem Mfg. Co.*, 772 F.Supp. 977 (S.D.Tex.1991). The fair market value of plan benefits as a measure of damages for the loss of employment falls outside of ERISA's preemption.

 Claims by fired workers are not preempted by ERISA if the loss of pension benefits is merely a consequence of the termination of employment. *Samuel v. Langham*, 780 F.Supp. 424 (N.D.Tex.1992). Federal jurisdiction attaches, with attendant preemption, where a worker claims the loss of pension benefits motivated the termination or claims something that is derived from the terms or administration of the plan. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

■ Maldonado says that J.M. Petroleum wrongfully fired him because of his race and his worker's compensation claim. J.M. Petroleum insists that it fired him because he was a poor worker. Since loss of pension benefits was a mere consequence of Maldonado's firing, regardless of whose assertion is correct, ERISA does not preempt his claim.

Maldonado wants J.M. Petroleum to pay him the value of all of the benefits he would have received had he not been fired. He is not seeking coverage under or readmittance to the plans. He is not claiming that he was denied benefits. He wants payment only for his loss of the plan's present *value* to a participant, which is the worker's cost of obtaining similar benefits independently.

Benefits like vacations and pensions have calculable values. Each of these items of non-pecuniary compensation has a monetary value. The process of calculating that value for a plan to ascertain the loss of the value of employment to a participant does not implicate the benefit plan's financial integrity, endanger other participants' benefits, nor impede the administration of the plan.

4. *Conclusion.*

Maldonado's case will be remanded because his claim for the lost value of employ-

ment at J.M. Petroleum, including retirement benefits, does not relate to ERISA.