Jack H. ZEWE

v.

The LAW FIRM OF ADAMS & REESE, et al.

Civ. A. No. 93–2939.

United States District Court, E.D. Louisiana.

Nov. 3, 1993.

Jacques Bezou, Robert Matthews, Jacqueline Daspit, DeRussy, Bezou Law Firm, New Orleans, LA, for plaintiff, Jack H. Zewe.

John Weigel, Edward Koehl, Jones Walker Law Firm, New Orleans, LA, for Law Firm of Adams & Reese.

Daniel Lund, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Shell Oil Co.

## ORDER AND REASONS

MENTZ, District Judge.

The plaintiff, Jack Zewe, filed a motion to remand this case to the Civil District Court for the Parish of Orleans in Louisiana. Zewe filed suit in that state court to recover damages from Shell Oil Company (Shell), several Shell employees, the law firm of Adams and Reese, individual attorneys with that firm, and a group of attorneys designated as the Plaintiffs' Legal Committee (PLC)[1]. Zewe

---

**1.** The named defendants were participants in a mass tort class action, *In re Shell Oil Refinery*, Civil Action No. 88–1935; which was litigated for over five years before this court and recently settled by judgment entered on October 20, 1993, 155 F.R.D. 552. Defendant, Shell, was a defendant in the class action. The remaining defendants named by Zewe are the legal representatives of parties in the class action. In that action, Adams and Reese represents Shell, and the

alleges, among other things, that Shell terminated his employment and employee benefits in retaliation for "blowing the whistle" about environmental violations allegedly committed by Shell.[2]

Shell removed this case from state court under 28 U.S.C. § 1441(a), (b), and (c) on the basis of federal question jurisdiction. Shell asserts that federal question jurisdiction exists because Zewe's state law claim for wrongful termination is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.[3]

Zewe's motion to remand is opposed by defendants, Shell, the law firm of Adams and Reese, James E. Blasek, Andrew Clausen, and Margaret Joffe[4]. These defendants argue that the case should not be remanded because this court has original federal question jurisdiction over Zewe's suit by virtue of ERISA's preemption, and further, that this court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims asserted in Zewe's state court petition.

Also before the court is a motion filed by the Adams and Reese law firm, Blasek, Clausen, and Joffe to enjoin Zewe from proceeding in state court under exceptions to the Anti–Injunction Act, 28 U.S.C. § 2283.

### Factual Background

The circumstances leading to the present suit arose from events occurring in a class action suit brought against Shell as a result of the May 5, 1988, explosion at Shell's refinery in Norco, Louisiana. That suit, captioned *In re Shell Oil Refinery*, Civil Action No., 88–1935, sought compensatory and punitive damages on behalf of persons present in a five-parish geographical area at the time of the explosion and who sustained injuries or damages as a result of the explosion. After

over five years of litigation before this court, *In re Shell Oil Refinery* and all pending federal opt-out suits were settled in the amount of $170 million. The court entered a final judgment approving the settlement on October 20, 1993.

During the course of the class action litigation, Zewe, who was a twenty-year employee of Shell, surreptitiously provided the PLC with Shell business documents and other information related to the class action litigation. Suspecting a mole within its organization, Shell conducted an internal investigation which exposed Zewe as the source of the information leak. Zewe described his taking of documents and relations with counsel in that suit in a lengthy, transcribed statement, immediately after which Shell terminated his employment and his employee benefits.

### ERISA Preemption

■ Proper removal requires that the district court have original jurisdiction over the matter removed. 28 U.S.C. § 1441(a) (West Supp.1993). There is no diversity jurisdiction in this case. Shell maintains that federal question jurisdiction exists because Zewe's claim for wrongful termination under Louisiana law is preempted by ERISA.

■ ERISA's provisions preempt state laws "relating to" any employee benefit plans covered by ERISA. 29 U.S.C. § 1144(a) (West 1990). "A law 'relates to' an employee benefit plan, . . . if it has a connection with or reference to such a plan." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 7–8, 107 S.Ct. 2211, 2215–16, 96 L.Ed.2d 1 (1987) (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)).

In the case of a claim for wrongful termination, no ERISA preemption occurs when

---

PLC is the court-appointed legal representative for the plaintiff class.

**2.** Louisiana law prohibits a corporation from retaliating against an employee, who acting in good faith discloses to certain specified authorities information about possible environmental violations. Damages include lost wages, lost anticipated wages due to wage increase, or loss of anticipated wages which would have resulted from a lost promotion, any property lost as a result of lost wages, lost benefits, and any physi-

cal or emotional damages resulting therefrom. La.Rev.Stat. ann. § 30:2026 (West Supp.1993).

**3.** Shell attested to the fact that the plan providing Zewe's employee benefits is regulated by ERISA. *See* Affidavit of R.L. Schliep.

**4.** Defendants Blasek, Clausen, and Joffe are individual attorneys who were associated or in partnership with the law firm of Adams and Reese at the time of the events in question.

the loss of pension benefits was a "mere consequence of, but not a motivating factor behind, a termination of employment." *Rose v. Intelogic Trace, Inc.*, 652 F.Supp. 1328, 1330 (W.D.Tex.1987) (citing *Titsch v. Reliance Group, Inc.*, 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd*, 742 F.2d 1441 (2nd Cir. 1983)); *see also Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir.1993) (no ERISA preemption where plaintiff's suit alleged that he was terminated as a scapegoat for legal errors committed by others); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir.1988) (claim for tortious discharge without suggestion that the employer had a pension-defeating motive is not preempted by ERISA simply because the plaintiff sought to recover lost salary and benefits); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992) (no ERISA preemption where the reason for discharge, that the employer decided not to develop the medical clinic plaintiff had been hired to establish, was a fact entirely unrelated to the employee benefits he claims he lost because of his discharge); *NOWOC v. Rheem Mfg. Co.*, 772 F.Supp. 977, 979 (S.D.Tex.1991) (no ERISA preemption where the plaintiff made no claim that his employer fired him for the purpose of depriving him of employee benefits).

Zewe's allegations regarding his termination and loss of benefits are contained in three paragraphs:

Paragraph 29 provides:

Because Zewe "blew the whistle" on defendant, Shell, he was fired immediately after the October 1, 1992 inquisition in violation of La.R.S. 30:2027.

Paragraph 36 provides:

To further punish Plaintiff for 'blowing the whistle,' Defendant Shell has terminated Plaintiff's medical coverage and has removed him from the Benzene and Asbestos Surveillance Program in which he was enrolled by Defendant Shell in 1976, notwithstanding the fact that Zewe was exposed to said carcinogens while in Shell's exclusive employ.

Paragraph 42 provides:

Notwithstanding the fact that Zewe acted in good faith and disclosed to his superiors violations of Louisiana Environmental Law, and further provided information to O.S.H.A. and the EPA of environmental violations, Defendant Shell retaliated by, *inter alia,* terminating his employment and employment related benefits which immediately renders Defendant Shell liable for treble damages and attorney's fees, all as provided in La.R.S. 30:2001, et seq.

Zewe's complaint does not mention ERISA, nor does it contain an allegation or suggestion that Shell's motive in terminating his employment was to avoid payment of benefits. His complaint expressly alleges that Shell discharged him in retaliation for his professed whistle blowing activities. That his termination resulted in a loss of benefits does not invoke ERISA preemption. The essence of Zewe's claim for wrongful termination is that Shell was motivated by revenge, rather than any pension-defeating objective.

Shell cites several cases where the court applied ERISA's preemption provisions to state law claims. *Ingersoll–Rand v. McLendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (plaintiff filed a wrongful discharge action alleging the basis for his termination was his employer's desire to avoid contributing to his pension plan); *Christopher v. Mobil Oil,* 950 F.2d 1209 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992) (the focus of plaintiff's state law claims, the action of his employer in amending his ERISA plan and failing to disclose certain terms of the plan, related directly to the operation of an ERISA plan); *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755 (5th Cir.1990) (plaintiff claimed that his employer fraudulently or negligently induced him to take an early retirement depriving him of benefits created under a plan instituted one month after his departure); *Cefalu v. B.F. Goodrich, Co.,* 871 F.2d 1290 (5th Cir.1989) (plaintiff claimed his employer reneged on an agreement to provide retirement benefits in a certain amount which had been offered as inducement to purchase a company franchise in lieu of working for another division of the company or retiring). None of these cases are controlling in the instant case because they involve state law claims arising out of the administration of an

ERISA plan. Each case involved a claim that the employer's objective was to avoid its obligations under an ERISA employee benefit plan. In the case at bar, Zewe's loss of benefits was nothing more than a consequence of his purported whistle blowing activities.

In conclusion, Zewe's claim for wrongful termination is not sufficiently related to an ERISA-governed employee benefit plan, and consequently, this court has no original jurisdiction over this case.

### Supplemental Jurisdiction

■ Defendants, the Adams and Reese law firm, Blasek, Clausen, and Joffe, argue that this court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims Zewe asserted in his state court suit because they are so factually related to claims in the federal class action that they form part of the same case or controversy.[5] Defendants assert that supplemental jurisdiction exists even without original jurisdiction over any of the claims asserted in Zewe's suit, relying on *Royal Ins. Co. v. Quinn–L Capital Corp.*, 960 F.2d 1286, 1292 (5th Cir.1992) (*"Quinn–L Capital I"*).

The opinion in *Quinn–L Capital I* does not support the exercise of supplemental jurisdiction over any of the claims asserted in Zewe's state court petition. The cited portion of the *Quinn–L Capital I* opinion holds that a federal court has "ancillary jurisdiction" to issue an injunction against state court proceedings to protect and effectuate a prior federal judgment, regardless of whether there is original jurisdiction over the subsequent action to enjoin. *Royal Ins. Co. v. Quinn–L Capital Corp.*, 3 F.3d 877, 881 (5th Cir.1993) (*Quinn–L Capital II*)[6]. It does not hold that a federal court has ancillary jurisdiction over the merits of claims in a state court proceeding improperly removed to federal court.

In the opinion of this court, a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction. In this situation, a remand is mandated under 28 U.S.C. § 1447(c).[7] Having determined that removal of Zewe's suit was improper because there is no original jurisdiction over any claim asserted by him, the exercise of supplemental jurisdiction over the claims in this case would violate the provisions of the removal statutes. Accordingly, the court finds that there is no supplemental jurisdiction under § 1367 over any of the claims asserted in this suit.[8]

### Injunction Against State Court Proceedings

■ Defendants, the Adams and Reese law firm, Blasek, Clausen, and Joffe, filed a motion in this suit seeking to enjoin Zewe's state court proceeding under exceptions to the Anti–Injunction Act, 28 U.S.C. § 2283.[9]

5. Section 1367 provides in relevant part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367 (West Supp.1993).

6. The Fifth Circuit in *Quinn–L Capital II* indicated that the "ancillary jurisdiction" which empowers a district court to issue an anti-suit injunction is included within the category of "supplemental jurisdiction" codified in 1990 at 28 U.S.C. § 1367. *Quinn–L Capital II*, 3 F.3d at 881 n. 2.

7. Section 1447(c) provides in relevant part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (West 1989).

8. Even if supplemental jurisdiction existed, the court would decline to exercise it because the class action over which the court has original jurisdiction and which is alleged to form part of the same case or controversy as Zewe's state suit, is no longer pending, having been resolved by a judgment approving a settlement of all claims. *See* 28 U.S.C. § 1367(c)(3) (West Supp.1993); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir.1992).

9. Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Defendants seek an injunction to protect or effectuate this court's rulings, orders and judgment entered in the class action suit, *In re Shell Oil Refinery,* Civil Action No. 88–1935, and in aid of this court's jurisdiction in that suit.

■■■ A district court has "ancillary jurisdiction" [10] to issue an anti-suit injunction under 28 U.S.C. § 2283 to enforce and protect a prior judgment, even where there is no original jurisdiction over the action brought to enjoin the state court proceeding. *See Local Loan Co. v. Hunt,* 292 U.S. 234, 239, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934); *Quinn–L Capital II,* 3 F.3d at 881; *Quinn–L Capital I,* 960 F.2d at 1292; *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 868–69 (5th Cir.1984); *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 89–90 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Samuel C. Ennis & Co. v. Woodmar Realty Co.,* 542 F.2d 45, 48 (7th Cir.1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977). Under this kind of ancillary jurisdiction, the scope of a district court's power is limited to issuing an anti-suit injunction to protect or effectuate a prior judgment of the district court. *Quinn–L Capital II,* 3 F.3d at 881. No ancillary jurisdiction exits where an injunction is not necessary to achieve those purposes. *Id.*

This court has no ancillary or supplemental jurisdiction to issue an anti-suit injunction because there is no pending state court proceeding. In the cases cited above, the district court invoked ancillary jurisdiction over an action brought in federal court to enjoin a pending state court proceeding. In the case at bar, the action to enjoin Zewe's state proceedings arises in a different posture. Here, the defendants removed, albeit improperly, the state court suit they seek to enjoin. Once a copy of the removal petition is filed with the clerk of the state court, all state proceedings are enjoined by operation

of statutory law until the case is remanded. *See* 28 U.S.C. § 1446(d) (West Supp.1993). The defendants then filed their motion to enjoin in the removed action, the same proceeding they seek to enjoin. Thus, there is at this time no proceeding in state court which could be the subject of an injunction and consequently, an injunction is not necessary to protect or effectuate a prior judgment of this court. *See Gamble v. General Foods Corp.,* 846 F.2d 51 (9th Cir.1988) (per curiam). Once this suit is remanded for lack of original jurisdiction, there will be no application before this court for an injunction.

■■■ Were the defendants to file in this court an application to enjoin Zewe's state court suit after remand, the court would still have no ancillary or supplemental jurisdiction to issue an injunction. Neither of the exceptions to the Anti–Injunction Act that defendants rely upon may be applied in this case. The "protect or effectuate its judgments" exception, often referred to as the "relitigation" exception, applies only to matters already fully adjudicated, and judgments already entered, by a federal court.

In the class action, Shell filed a motion to disqualify the PLC for alleged ethical violations in its dealings with Zewe, and the PLC filed a cross-motion to disqualify counsel for Shell for alleged ethical violations related to discovery. The court scheduled evidentiary hearings on these motions and addressed *in limine* some of the facts related to these motions. While the motions were pending and scheduled for evidentiary hearings, the parties entered into a settlement agreement.[11] As a result of the settlement agreement, the evidentiary hearings were not held, and the court issued no ruling on the motions, which are now moot in light of the October 20, 1993, judgment approving the class settlement.

Zewe was not a party to the class action. His conduct was relevant only insofar as it shed light on the conduct of counsel in that

---

28 U.S.C. § 2283 (West 1990).

**10.** *See* note 6.

**11.** The uncontradicted testimony at the fairness hearing was that the cross-motions to disqualify

were not a subject of discussion during the settlement negotiations. *See In re Shell Oil Refinery,* Civil Action No. 88–1935, Memorandum Opinion approving fairness of settlement, 155 F.R.D. 552, 562 n. 18 (E.D.La.1993).

case. At no time did the court enter a ruling on the propriety of Zewe's conduct or his right to recover damages against any of the defendants herein. Indeed, these issues were not before the court. As stated in an Order and Reasons issued on August 14, 1992:

> The Court is not concerned with Shell's internal problems—whether a Shell employee has breached his confidentiality agreement, how he obtained the documents, or why he is giving them to the PLC. ... That Shell may learn the identity of the source once it reviews the documents and perhaps retaliate against the employee is not this Court's concern.

The judgment entered in the class action approved the fairness of the settlement. The court did not adjudicate nor did any party request adjudication of claims related to those raised in Zewe's state court suit.

Accordingly, Zewe's state court suit does not threaten to "effectively nullif[y]" the judgment in the class action. *See Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 868 (5th Cir.1984) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 238, 54 S.Ct. 695, 696, 78 L.Ed. 1230 (1934)). Under these circumstances, there is no ancillary jurisdiction to issue an anti-suit injunction. *See Quinn–L Capital II*, 3 F.3d at 881 (citing *Mooney Aircraft Corp. v. Foster*, 730 F.2d 367, 374–75 (5th Cir.1984)) (district court had no ancillary jurisdiction over an action to enjoin a state court proceeding where the injunction was not necessary to protect or effectuate a prior judgment).

The court is unfamiliar with any authority which would allow a court to issue an injunction under the "necessary in aid of its jurisdiction" exception without an independent basis for jurisdiction over the application for injunction. Even if the court had original jurisdiction over the defendants' application to enjoin, this exception to the Anti–Injunction Act would not apply to the facts of this case.

■ As a general rule, the "necessary in aid of its jurisdiction" exception applies when a state court proceeding threatens to dispose of property which is the basis for a federal *in rem* action. *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 641, 97 S.Ct. 2881, 2992–93, 53 L.Ed.2d 1009 (1977). The federal class action and Zewe's state court suit are *in personam.*

There is a view that the "necessary in aid of its jurisdiction" exception also applies where a state court proceeding would interfere with the efficient disposition of a federal class action, *see* Wright & Miller, *Federal Practice and Procedure*, § 4225 at 531–33 (1978), but this view is not universally accepted, *see In re Temple*, 851 F.2d 1269, 1271–72 (11th Cir.1988); *In re Federal Skywalk Cases*, 680 F.2d 1175, 1182–83 (8th Cir.), *cert. denied sub nom., Stover v. Rau*, 459 U.S. 988, 103 S.Ct. 342, 74 L.Ed.2d 383 (1982); *In re Glenn W. Turner Ent. Lit.*, 521 F.2d 775, 780–81 (3rd Cir.1975). The court need not resolve this issue because in any event, Zewe's state court proceeding, once remanded, will not interfere with the disposition of the class action. A judgment has been entered in the class action approving the fairness of the settlement and adjudicating other matters unrelated to the claims raised in Zewe's state court suit.

Accordingly,

IT IS ORDERED that:

(1) The Motion of Defendants, the Law Firm of Adams and Reese, James E. Blasek, Andrew Clausen, and Margaret Joffe, to Enjoin Jack H. Zewe from Proceeding in State Court is **DENIED.**

(2) The Motion of Plaintiff, Jack H. Zewe, for Remand and Costs is **GRANTED,** remanding the case to the Civil District Court for the Parish of Orleans, Louisiana. Plaintiff's request for costs and attorneys fees is **DENIED.**