Agnes M. TIPPETT, Plaintiff,

v.

OLD KENT BANK OF PETOSKEY, Virginia Panoff, and Marcia Sydow, Defendants.

No. 1:90–CV–964.

United States District Court,
W.D. Michigan, S.D.

Feb. 12, 1991.

Edward A. Meany, Jr., Smith & Meany, Harbor Springs, Mich., for plaintiff.

Jack B. Combs, Warner, Norcross & Judd, Grand Rapids, Mich., William W. Hofman, Plunkett & Cooney, P.C., Petoskey, Mich., for defendants.

OPINION

ROBERT HOLMES BELL, District Judge.

Plaintiff filed this wrongful discharge action in the Emmet County Circuit Court. It was removed by defendants pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis that

the complaint raised a federal question under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Plaintiff has now moved to dismiss the count alleging violation of the ADEA and for remand of the remaining state claims to state court. Defendants have responded with a motion to amend their answer to assert the affirmative defense that plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

The sole basis for removal in this case was plaintiff's federal claim under the ADEA. She has moved to dismiss this federal claim pursuant to F.R.Civ.P. 41(a)(2). Since Rule 41(a)(2) speaks to the dismissal of an action rather than a claim and plaintiff is seeking dismissal of fewer than all her claims, this motion should have been brought as a motion for leave to amend complaint under Rule 15(a). *Gronholz v. Sears, Roebuck and Co.*, 836 F.2d 515, 517 (Fed.Cir.1987); 5 *Moore's Federal Practice & Procedure* ¶ 41.06–1, at 41–82 to –84. However, since the court's discretion is involved whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a technical one. *Management Investors v. United Mine Workers*, 610 F.2d 384, 394, n. 22 (6th Cir.1979) (citing 5 *Moore's* ¶ 41.06–1). Accordingly, plaintiff's motion will be considered a motion to amend under Rule 15(a).

In *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), plaintiffs amended their wrongful discharge complaint to omit a federal ADEA claim. The Supreme Court held that under the doctrine of pendent jurisdiction, a district court may remand an action if the federal claims providing the basis for removal have been dropped by the plaintiff.

Leave to amend should be liberally granted. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). In determining whether to permit amendment the court should consider the following factors: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* Plaintiff acted expeditiously upon removal to dismiss her federal claim and to seek remand. Defendants have alleged no prejudice stemming from plaintiff's dismissal of the federal claim. Accordingly, plaintiff's motion to dismiss her federal claim (considered as a motion to amend complaint pursuant to Rule 15(a)) will be granted.

Defendants attempt to avoid remand by requesting leave to amend their answer to allege an affirmative defense that plaintiff's action is preempted by ERISA. It is well established that, for purposes of removal jurisdiction, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Therefore, a preemption defense cannot be the basis of the original federal jurisdiction necessary for removal to federal court unless the claim falls within an area so completely preempted by Congress that any civil complaint raising this select group of claims is necessarily federal in character. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987).

In *Taylor* the Court held that all suits that are cognizable under ERISA's civil enforcement provisions, § 502 of the Act, 29 U.S.C. § 1132, are federal question suits. However, unlike *Taylor* this is not a suit to enforce pension benefit rights. Plaintiff is merely claiming that loss of pension benefits is one aspect of the damages caused by her discharge.

A claim for wrongful discharge which seeks damages including loss of pension benefits, does not "relate to" a covered plan as contemplated by 29 U.S.C. § 1144(a). *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1404 (9th Cir.1988). Nowhere in the complaint does plaintiff suggest that the true purpose of her dis-

charge was to deprive her of pension rights. No ERISA cause of action lies when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of employment. *Ethridge,* 861 F.2d at 1405; *Rose v. Intelogic Trace, Inc.,* 652 F.Supp. 1328, 1330 (W.D.Tex.1987); *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd,* 742 F.2d 1441 (2nd Cir.1983).

Defendants' reliance on *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), is misplaced. In *Ingersoll–Rand* the Court held that ERISA preempts a state common law claim that an employee was unlawfully discharged to prevent his attainment of benefits under a plan covered by ERISA. The case is inapplicable to the case before this Court because plaintiff's complaint does not allege that she was terminated to prevent her from receiving pension benefits.

Plaintiff's acknowledgement at her deposition that she believed her employer had discharged her in order to prevent her from receiving pension benefits is irrelevant. For removal purposes this Court must look only at the face of plaintiff's complaint. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30. The plaintiff is master of her claim and may choose not to assert a federal right that is available and rely only on state law. *Id.* at 392, 107 S.Ct. at 2429–30. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986).

Leave to amend may be denied where such amendment would be futile. *Interroyal,* 889 F.2d at 112. In this case amendment would not present a federal question or prevent remand of the action. Accordingly, defendants' motion to amend will be denied and the case will be remanded to the Emmet County Circuit Court.

An order consistent with this opinion will enter.