759 F.Supp. 567 (1991)
Robin Mabry HUBBARD, Plaintiff,
v.
SOUTHWESTERN BELL TELEPHONE CO., Defendant.
No. 90-2244C(6).
United States District Court, E.D. Missouri, E.D.
March 25, 1991.
*568 Susan E. Hamra, Chesterfield, Mo., for plaintiff.
Christian A. Bourgeacq, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the plaintiff's motion to remand and the defendant's motions to strike and dismiss.
Plaintiff originally filed this action in the Circuit Court of the City of St. Louis. In the one-count petition, plaintiff alleges that defendant violated the Missouri Human Rights Statute, Mo.Rev.Stat. § 213.055, by discriminating against her because of her mental handicap. Defendant removed the action to this Court, claiming that plaintiff's allegations are preempted by and arise under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., because plaintiff alleges in the petition that defendant's conduct deprived her of disability payments.
The portions of plaintiff's complaint at issue read as follows:
11. The decision to re-call Plaintiff to work for the purpose of terminating her employment was done willfully, wantonly, maliciously, and in bad faith for the purpose of harming Plaintiff emotionally and financially and with the intent of depriving Plaintiff of her disability payments as well as her job.
14. Defendant violated section 213.055 of the Revised Statutes of Missouri which prohibits an employer from discriminating against an employee because of the employee's handicap in that Defendant failed to accommodate Plaintiff's handicap and Defendant failed to allow Plaintiff to assume her job duties after Defendant determined that Plaintiff could work and instructed her to return to work.
15. As a direct result of Defendant's discrimination, Plaintiff has been deprived of economic and non economic benefits including, but not limited to, lost wages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits.
Plaintiff moves to remand the action to state court, claiming that her complaint is based solely on a Missouri statute prohibiting discrimination against the handicapped, and that the termination of her disability payments is an incidental effect of the discriminatory discharge. Plaintiff further states that the petition was not filed against an insurer to recover benefits, and that the mere presence of a federal issue in this state cause of action should not automatically confer federal jurisdiction.
In response, defendant states that plaintiff's complaint raises issues concerning the denial of benefits and interference with receipt of benefits, both of which are exclusively provided for in the federal statutory scheme of ERISA. See 29 U.S.C. §§ 1132, 1140. Relying on Metropolitan Life Insurance Co. v. Arthur Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), defendant states that plaintiff's state law claim is preempted by § 514(a) of ERISA, 29 U.S.C. § 1144(a), which provides that state laws relating to an employee benefit plan are superseded by ERISA. Defendant's argument, thus, is that plaintiff's claim under the Missouri Human Rights Statute is superseded because plaintiff is alleging that defendant deprived her of disability payments and terminated her employment with the intent of depriving her of those payments.
This Court disagrees, finding Taylor, supra, and other cases dealing with this subject matter to be distinguishable from the case at hand. In Taylor, the plaintiff filed suit against his former employer for "damages for money contractually owed ..., compensation for mental anguish caused by breach of this contract, as well as immediate reimplementation of all benefits and insurance coverages." Taylor also included claims for wrongful termination of employment and wrongful failure to promote. The United States Supreme Court held that Taylor's common law contract and tort claims were preempted by ERISA because it related to an employee benefit plan and *569 was a suit by a beneficiary to recover benefits from a covered plan.
In contrast, however, the present action is not couched as one to recover benefits or as one based on an interference with receipt of those benefits. Rather, plaintiff claims that in violation of a state statute, defendant unlawfully discriminated against her based on her handicap, and that as a result of such discrimination, she lost her disability benefits, among other things.
The Court also finds that the Missouri Human Rights Act does not "relate to" an employee benefit plan within the meaning of § 1144, the supersedure section. In Mackey v. Lanier Collections Agency & Service, 486 U.S. 825, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988), the Supreme Court held that a law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Yet, the human rights statute has no connection with an employee benefit plan. Other cases in this area are similarly distinguishable. For example, in Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that a state common law action based on the improper processing of a claim for benefits under a benefit plan, was preempted by ERISA. In that case, the plaintiff's action was primarily based on the processing of his benefits, whereas in this action, plaintiff's primary claim is that of discrimination based on her handicap. Furthermore, in cases such as Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), and FMC Corp. v. Holliday, ___ U.S. ___, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), the Supreme Court dealt with state statutes which actually referred to benefit plans. Such is contrary to this case, where the Missouri Human Rights Statute makes no reference to benefits or benefit plans.
In conclusion, the Court finds that any reference by plaintiff to a loss of disability benefits is an incidental one and does not render her claim as one to recover benefits. Plaintiff's claim should not be characterized as an ERISA claim but, rather, as a claim for discriminatory discharge in violation of a state human rights statute. Therefore, the action was improperly removed to this Court and will be remanded to the court from whence it came. Accordingly, defendant's motions to dismiss and to strike will be denied as moot.