Darrell S. FIXX and Cannelton
Industries, Inc., Plaintiffs,

v.

UNITED MINE WORKERS OF AMER-
ICA; DISTRICT 17, United Mine Work-
ers of America; the Honorable A. An-
drew MacQueen, In his official capacity
as Judge of the Circuit Court of Kana-
wha County, Defendants.

John P. GOTSES, Valley Camp Coal
Company and Donaldson Mine
Company, Plaintiffs,

v.

UNITED MINE WORKERS OF AMER-
ICA; DISTRICT 17, United Mine Work-
ers of America and the Honorable A.
Andrew MacQueen, In his official ca-
pacity as Judge of the Circuit Court of
Kanawha County, Defendants.

Civ. A. Nos. 83-2170, 83-2171.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 30, 1986.

Roger A. Wolfe and Laura E. Beverage, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for plaintiffs.

James M. Haviland, Charleston, W.Va., for United Mine Workers of America.

Larry Harless, Charleston, W.Va., for Dist. 17, United Mine Workers of America.

## ORDER

HADEN, Chief Judge.

These cases come before the Court as actions for declaratory judgment pursuant to 28 U.S.C. § 2201. The parties have all moved for summary judgment. The central question to be decided is whether *W.Va. Code*, § 23–5A–2 is preemped by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*—more particularly, 29 U.S.C. § 1144(a). John Gotses and Darrel Fixx are named fiduciaries of plans created and governed by the provisions of the Employee Retirement Income Security Act. Valley Camp and Cannelton are corporate fiduciaries under ERISA. The United Mine Workers of America, by its District 17, represents individual beneficiary claimants covered by the plans administered by Gotses and Fixx. The Union brought an action before the Honorable A. Andrew MacQueen to enforce *W.Va. Code*, § 23–5A–2 for benefits required to be paid under that statute. The Plaintiffs in this action contend that *W.Va. Code*, § 23–5A–2 is preempted by 29 U.S.C. § 1144(a), and the Defendants contend that *W.Va. Code*, § 23–5A–2 is not preempted.

Courts do not lightly infer preemption of state laws by acts of Congress. The intent of Congress to cause preemption must be unmistakable, permitting no other conclusion. *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 634, 101 S.Ct. 2946, 2962, 69 L.Ed.2d 884 (1981); *Subaqueous Exploration Co. v. Unidentified, Wrecked Vessel*, 577 F.Supp. 597, 609 (D.Md.1983). The Employee Retirement Income Security Act at 29 U.S.C. § 1144(a) constitutes just such an unmistakable indication of intent to preempt state laws. *Van Orman v. Amer-*

*ican Insurance Co.*, 680 F.2d 301, 311 (3d Cir.1982). The preemption overrides even those state laws which are consistent with ERISA's substantive goals and requirements. *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir. 1985).

29 U.S.C. § 1144 provides in pertinent part:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter 3 of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under 1003(b) of this title.

\*   \*   \*   \*   \*   \*

"Nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities."

*W.Va. Code*, § 23–5A–2 provides in full: "Discriminatory practices prohibited; medical insurance.

Any employer who has provided any type of medical insurance for an employee or his dependents by paying premiums, in whole or in part, on an individual or group policy, shall not cancel, decrease his participation on behalf of the employee or his dependents, or cause coverage provided to be decreased during the entire period for which that employee during the continuance of the employer-employee relationship is continuing or is receiving benefits under this chapter for temporary disability. If the medical insurance policy requires a contribution by the employee, that employee must continue to make the contribution required, to the extent the insurance contract does not provide for a waiver of the premium.

Nothing in this section shall prevent an employer from changing insurance carriers or cancelling or reducing medical coverage if the temporarily disabled employee or his dependents are treated with respect to the insurance in the same

manner as other similarly classified employees and their dependents who are also covered by the medical insurance policy.

This section provides a private remedy for the employee which shall be enforceable in an action by the employee in a circuit court having jurisdiction over the employer."

■ To determine whether 29 U.S.C. § 1144(a) preempts a state statute, the Court determines the existence of three elements: (1) that the state law relates to an employee benefit plan; (2) that state law attempted to reach in one way or another the terms and conditions of employee benefit plan; and (3) that the state law does not regulate insurance, banking, security or generally applicable criminal laws. *Lane v. Goren*, 743 F.2d 1337, 1339 (9th Cir. 1984). A law relates to an employee plan if it has a connection or reference to such a plan. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 n. 20, 101 S.Ct. 1895, 1906 n. 20, 68 L.Ed.2d 402 (1981); *Holland*, 772 F.2d at 1147. Whether a law relates to a plan is determined in accordance with the common sense meaning of the word "relate." Even an indirect relation to a plan is sufficient to establish preemption. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, —— ——, 105 S.Ct. 2380, 2388–90, 85 L.Ed.2d 728 (1985); *Alessi*, 451 U.S. at 523, 101 S.Ct. at 1906. Thus, a law, for example, which prohibits a labor organization from administering a fund unless it meets certain state enacted criteria relates to a plan and is preempted by ERISA. *Hotel and Restaurant Employees and Bartenders International Union Local 54 v. Danziger*, 709 F.2d 815, 831 (3d Cir.1983).

■ A law affects the terms and conditions of a plan when it purports to regulate directly or indirectly the terms and conditions. 29 U.S.C. § 1144(c)(2); *Stone & Webster Engineering Corp. v. Ilsley*, 690 F.2d 323, 329 (2d Cir.1982). State statutes of general application—broader than just affecting employee retirement plans—which have economic impact on plans are not preempted. *Gilbert v. Burlington Industries, Inc.*, 765 F.2d 320, 327 (2d Cir. 1985); *Authier v. Ginsberg*, 757 F.2d 796, 800 (6th Cir.1985); *Rebaldo v. Cuomo*, 749 F.2d 133, 137–38 (2d Cir.1984). Laws which require or forbid employee plan covered benefits or determines the amounts of benefits are preempted where the statute by its terms applies to ERISA covered plans. *Alessi*, 451 U.S. at 524–25, 101 S.Ct. at 1906–07; *Rebaldo*, 749 F.2d at 138; *Stone & Webster*, 690 F.2d at 329; *Deiches v. Carpenters' Health and Welfare Fund of Philadelphia*, 572 F.Supp. 766, 770 (D. N.J.1983).

In cases determining the application of these principles, a Connecticut statute has been held to apply to terms and conditions of plans where the statute prohibited termination of employee health insurance benefits while workers' compensation benefits were being paid. *Stone & Webster*, 690 F.2d at 330. A New Hampshire statute which extended health insurance benefits thirty-nine weeks after the health insurance benefits would ordinarily have been terminated in an employment context was held preempted. *Cuttle v. Federal Employers Metal Trades Council*, 623 F.Supp. 1154 (D. Me.1985); *Dawson v. Whaland*, 529 F.Supp. 626, 629 (D. N.H.1982). A New Jersey statute which prohibited the setoff of workers compensation benefits from plan benefits was held preempted in *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

The insurance exemption from preemption found in 29 U.S.C. § 1144(b)(2)(A) has been held to apply to generally applicable policy requirements or minimum benefits, but not to insurance statutes which are directed at employee plans. Thus, any law which regulates an employee benefit plan is preempted—in the name of insurance regulation or otherwise—but general application insurance laws are not preempted. *American Progressive Life and Health Insurance Co. v. Corcoran*, 715 F.2d 784, 787 (2d Cir.1983); *Cuttle*, 623 F.Supp. at 1156;

*Employers Association of New Jersey v. New Jersey,* 601 F.Supp. 232, 240 (D. N.J. 1985); *Metropolitan Life Insurance Co.,* 471 U.S. at ——–——, 105 S.Ct. at 2386–88 (generally applicable insurance policy requirement held not preempted where no particular connection to employee plans demonstrated).

■ The statute in question in this suit, *W.Va. Code,* § 23–5A–2, requires employers who have provided any type of medical insurance to refrain from reducing or cancelling such benefits during the time the employee is on temporary total disability. Despite codification in the workers compensation statute, the statute directly relates to plan benefits. Further, it seeks to extend benefits which a plan would otherwise have been free to extend or not to extend. The law does not have a general application to insurance policies, but is particularly directed to those insurance plans occurring in the employment context—those particularly subject to ERISA.

The West Virginia statute is similar to the Connecticut statute preempted in *Stone & Webster.* The statute is analogous to the New Jersey statute found preempted in *Alessi* and the New Hampshire preempted in *Dawson* and *Cuttle.* The Court has considered these opinions and those opinions of other courts interpreting these opinions and determines that these cases provide ample authority to determine that *W.Va. Code,* § 23–5A–2 is preempted by 29 U.S.C. § 1144(a).

Accordingly, the Plaintiff's motion for summary judgment is granted; the Defendant's motion for summary judgment is denied. The Court will award declaratory judgment in favor of the Plaintiff by Judgment Order entered this date. The Court will, for lack of a factual basis, refrain from entering any injunctive relief, but will receive any motion for injunctive relief postjudgment if injunctive relief appears necessary to effectuate this Court's decision.