420 S.E.2d 902

**DONALDSON MINE COMPANY,
Respondent Below,
Appellant,**

v.

**HUMAN RIGHTS COMMISSION and
Albert Jackson Gregory, Complainant
Below, Appellees.**

**No. 20867.**

Supreme Court of Appeals of
West Virginia.

Submitted May 5, 1992.
Decided July 15, 1992.

---

Robert A. Lockhart, Jackson & Kelly, Charleston, for appellant.

Mary K. Buchmelter, Deputy Atty. Gen., Charleston, for appellee, Human Rights Com'n.

Ray E. Ratliff, Jr., Charleston, for appellee, Albert Jackson Gregory.

PER CURIAM:

This is an appeal by Donaldson Mine Company from an order entered by the West Virginia Human Rights Commission on October 3, 1991. That order held that the appellant, Donaldson Mine Company, had discriminated against Albert J. Gregory on the basis of his age and awarded him back pay, attorney fees, and incidental damages for humiliation, embarrassment, emotional distress, and loss of personal dignity. On appeal, the appellant claims that the Commission erred in finding that it had discriminated against Mr. Gregory on the basis of age, that the Commission erred in finding that Mr. Gregory's claim was not pre-empted by federal law, and that the Commission erred in awarding incidental damages for humiliation, embarrassment, emotional and mental distress, and loss of personal dignity. After reviewing the questions raised by the appellant, as well as the record in this matter, this Court can find no reversible error. Accordingly, the final order of the West Virginia Human Rights Commission is affirmed.

This action commenced on May 8, 1987, when Albert J. Gregory filed a complaint with the West Virginia Human Rights Commission against Donaldson Mine Company, d.b.a. Valley Camp Coal Company. The complaint alleged that he was denied employment with Donaldson and that the denial was based upon his age, in violation of the West Virginia Human Rights Act.[1]

The Human Rights Commission investigated Mr. Gregory's complaint, and on November 12, 1987, determined that no probable cause existed to demonstrate that age discrimination had occurred. The Commission also notified the parties that an appeal could be sought within ten days, and such an appeal was taken. The case was then assigned to a hearing examiner, and extensive proceedings and lengthy hearings were conducted. At the conclusion of the hearings, the hearing examiner on March 21, 1991, found that the appellant had discriminated against Mr. Gregory because of his age and awarded him $29,085.20 in back pay and incidental damages of $2,500.00 for humiliation, embarrassment, emotional and mental distress, and loss of personal dignity. Attorney fees and costs were also awarded.

In findings made in conjunction with the decision, the hearing examiner reviewed Mr. Gregory's work history and found that he had worked for the employer and its predecessors from 1952 until February 22, 1985, and that during that time he had received regular increases in salary, had never been reprimanded or disciplined, and had never been criticized by a superior for his management style and had never been told to improve his management style or the way he dealt with people. The hearing

---

1. The complaint specifically alleged:

    1. On March 11, 1987, I was denied gainful employment with Donaldson Mining Company.

    2. Tim Ross, Manager of Mines, stated that he had selected another employee for the position.

    3. I believe I have been discriminated against because of my Age, 52, in that:

    a. I have extensive experience in mining. Those selected for employment were younger than I, and had less experience.

    b. I was told that "I did not fit in," therefore, it was necessary to hire other employees for supervisory positions.

    c. Former employees who have less seniority and are younger, were interviewed for positions with the Respondent. I have help multiple supervisory positions with the Respondent.

examiner noted that Mr. Gregory was born on September 9, 1934, and that the mine for which he worked was shut down on December 31, 1984, but that Mr. Gregory continued to work until February 22, 1985, overseeing the sealing of the mine and recovery of equipment.

According to the hearing examiner, Mr. Gregory, on the day he was laid off, submitted an employment application with Donaldson Mining Company indicating a foreman's job or other supervisory position. He was rehired on September 1, 1985, but again terminated on December 31, 1985. He was employed from August 1, 1986, until March, 1988, by the Cannelton Coal Company at a mine in Boone County.

According to the hearing examiner, from 1986, including the time he was employed by Cannelton Coal Company, Mr. Gregory continued to make inquiries about employment with Donaldson Mining Company. The hearing examiner stated:

> His most important reason for doing so, was the fact that he was nearing the age of eligibility for retirement, that being 55 years of age, and the complainant wanted to be reinstated in the respondent's pension plan, as there was a substantial reduction in benefits if he were to retire while on layoff status.

In focusing on the particular event identified in Mr. Gregory's complaint as the discriminatory act, the hearing examiner found that in early 1987, Mr. Gregory learned that the assistant superintendent in Donaldson's #12A mine was planning to retire. Mr. Gregory notified the superintendent of the mine on March 8, 1987, to express his interest in the position. He personally went to Donaldson's offices on March 11, 1987, to discuss the opening and he was informed that an individual from the midnight shift was going to be promoted to the opening and that Mr. Gregory "wouldn't fit in." Subsequently, Terry Green from the midnight shift was promoted to the position. The reason later given for the failure to hire Mr. Gregory was that management did not agree with his management style and the way he dealt with people.

In conjunction with the promotion of Terry Green to the assistant superintendent's job, several other supervisory positions which became available by the shifting of personnel were filled by Donaldson with individuals other than Mr. Gregory. Three of the positions were filled with people who were 34, 38, and 39 years old.

The hearing examiner, after examining extensive evidence relating to Donaldson's hiring practices, found that prior to the time Mr. Gregory filed his discrimination claim on May 11, 1987, Donaldson had hired fourteen supervisory personnel following the layoffs on December 31, 1984. The average age was 38.5 years. One man in his 50's was hired, five in their 40's, six in their 30's, and two in their 20's. Six out of fourteen were in the protected class of those forty or over.

After the filing of the complaint, seven more were hired with an average age of 45.4. Three were in their 50's, three in their 40's, and one in his 20's.

The hearing examiner concluded that the overall evidence showed that Mr. Gregory had been the subject of age discrimination.

After the hearing examiner rendered the decision in the case, the appellant, in a post-hearing memorandum, took the position that if there was any violation of statutory rights in its treatment of Mr. Gregory, the violation was of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140, and that action by the West Virginia Human Rights Commission was pre-empted by any potential ERISA violation.

The Human Rights Commission, after examining the hearing examiner's conclusions and the memoranda of the parties, rejected the appellant's pre-emption contention and affirmed the hearing examiner's decision. It is from that ruling that the appellant now appeals.

On appeal, the appellant claims that the West Virginia Human Rights Commis-

sion erred in finding that it had discriminated against Mr. Gregory on the basis of age.

■ The basic rule in this State is that the findings of the Human Rights Commission should be sustained on review if they are supported by substantial evidence. This rule is set forth in syllabus point 1 of *West Virginia Human Rights Commission v. United Transportation Union, Local 655*, 167 W.Va. 282, 280 S.E.2d 653 (1981), as follows:

> West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties.

■ In *Conaway v. Eastern Associated Coal Corporation*, 178 W.Va. 164, 358 S.E.2d 423 (1987), this Court discussed at some length the question of what evidentiary showing is necessary to support a human rights decision. In syllabus point 3, the Court stated:

> In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va. Code § 5–11–1 *et seq.* (1979), the plaintiff must offer proof of the following:
>
> (1) That the plaintiff is a member of a protected class.
>
> (2) That the employer made an adverse decision concerning the plaintiff.
>
> (3) But for the plaintiff's protected status, the adverse decision would not have been made.

The Court has further indicated that if a plaintiff succeeds in proving a prima facie case, the burden of production of evidence shifts to the defendant to articulate some legitimate nondiscriminatory reason for the employee's rejection. If the defendant carries this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not the true reasons, but a pretext for discrimination. *State ex rel. State of West Virginia Human Rights Commission v. Logan–Mingo Area Mental Health Agency, Inc.*, 174 W.Va. 711, 329 S.E.2d 77 (1985); *Shepherdstown Volunteer Fire Department v. West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

In the present case, the evidence rather clearly shows that Mr. Gregory was a member of a protected class, in that he was more than forty years of age at the time of the events giving rise to his complaint. It is also rather clear that the appellant, who was the employer, made an adverse decision concerning him, in that the appellant failed to hire him for an opening which was available and, in lieu of hiring him, hired a younger individual.

Given these circumstances, the Court believes that Mr. Gregory has indisputably established the first two elements of a prima facie case as outlined in *Conaway v. Eastern Associated Coal Corporation, supra*. The third element is that, but for the plaintiff's status, the adverse decision would not have been made. This Court explained in *Kanawha Valley Regional Transportation Authority v. West Virginia Human Rights Commission*, 181 W.Va. 675, 383 S.E.2d 857 (1989), that in articulating the prima facie test set forth in syllabus point 3 of *Conaway*, the Court did not intend to create a more narrow standard of analysis in discrimination cases than undertaken in the federal courts. The Court further explained in *Kanawha Valley Regional Transportation Authority* that:

> [B]ecause discrimination is essentially an element of the mind, there will normally be very little, if any, direct evidence available. Direct evidence is not, however, necessary. What is required of the complainant is to show some circumstantial evidence which would sufficiently link the employer's decision and the complainant's status as a member of a protected class so as to give rise to an inference that the employment related decision was based upon an unlawful discriminatory criterion.

181 W.Va. at 678–79, 383 S.E.2d at 860, *quoting West Virginia Institute of Technology v. West Virginia Human Rights Commission,* 181 W.Va. 525, 530, 383 S.E.2d 490, 495 (1989).

The evidence adduced in the present case showed that Mr. Gregory was qualified for the positions which he sought. He had worked for the employer for thirty years and had held many positions, including that of mine foreman and mine superintendent. There is evidence in the record that even the employer's witnesses admitted that Mr. Gregory was qualified for the positions for which he applied. There is also evidence that he was never disciplined or counseled during his employment.

There was evidence in the record that the appellant hired a younger person for the position which Mr. Gregory was seeking. There was also statistical evidence suggesting that in the time frame in which the events giving rise to the present claim arose, the appellant rather consistently hired younger individuals rather than older for supervisory positions which became available. Those younger individuals were less experienced than Mr. Gregory.

In this Court's view, this evidence constituted substantial evidence supporting the West Virginia Human Rights Commission's implicit finding that Mr. Gregory made a prima facie case for age discrimination.

■ To rebut the evidence that Mr. Gregory was discriminated against on the basis of his age, the appellant introduced evidence suggesting that Mr. Gregory was only interested in upper level supervisory work, which did not exist, and that he was not hired because of his "management style." The hearing examiner found the appellant's defenses pretextual, essentially on the basis of the fact that there were upper level supervisory jobs available and upon the fact that Mr. Gregory had for many years successfully worked in such jobs for the employer and that he never received any reprimand or counseling about an allegedly defective management style.

Although the appellant adduced the testimony of individuals who had worked with Mr. Gregory in the distant past, and who suggested that he was autocratic and lacked the ability to communicate well with the rank and file, the appellant did not offer the testimony of individuals whom Mr. Gregory had supervised in the time frame preceding the events giving rise to the present claim. Also, the evidence rather clearly showed that the appellant had retained Mr. Gregory at his job until such time as his job no longer existed because of the closing of a mine.

Overall, this Court believes that the substantial evidence in the case is such that it cannot conclude that the ultimate finding of the Human Rights Commission that Mr. Gregory was discriminated against on the basis of his age was not supported by substantial evidence, and, therefore, in accordance with the rule set forth in syllabus point 1 of *West Virginia Human Rights Commission v. United Transportation Union, Local 655, supra,* the Court believes that the appellant's contention that Mr. Gregory was discriminated against on the basis of age was not supported by substantial evidence and was erroneous and is without merit.

■ On appeal, the appellant next claims that action by the West Virginia Human Rights Commission was pre-empted by the provisions of ERISA and that, under the circumstances, the Human Rights Commission decision in the present case is erroneous.

On appeal, the appellant argues that although Mr. Gregory's action was brought in the form of an age discrimination complaint, his real claim is that the appellant refused to hire him in order to avoid the increase in pension benefits which would accrue to him upon retirement. The appellant claims that such conduct clearly states a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.,* which provides that:

It shall be unlawful for any person to . . . discriminate against a participant or ben-

eficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under this [employee benefit] plan....

29 U.S.C. § 1140.

The appellant also argues that ERISA provides that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [29 U.S.C. § 1003(a)] ..." 29 U.S.C. § 1144(a).

The appellant argues that it was clearly the intent of Congress to pre-empt state laws in this area in the quest for uniformity of decision for all questions relating to employee benefit plans.

In arguing its point, the appellant states that the Commission found that Mr. Gregory's complaint is for age discrimination, to which the appellant's pension plan is merely one of many relevant facts. The appellant argues that although ERISA does not completely pre-empt every state statute which has an impact on a pension plan, any claim brought under such a statute which alleges interference with the plan participant's pension benefits is pre-empted. *See Fixx v. United Mine Workers of America, District 17*, 645 F.Supp. 352 (S.D.W.Va. 1986).

In a number of cases involving preemption under ERISA, federal district courts have recognized that where retirement benefits are peripheral to an employee's claim of age discrimination, even though the denial of retirement benefits was in issue in the case, the claim should be held to be an age discrimination claim and not an ERISA claim. *See Yageman v. Vista Maria, Sisters of the Good Shepherd*, 767 F.Supp. 144 (E.D.Mich.1991); *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237 (11th Cir.1989). The courts have further recognized that the mere fact that the relief which is to be afforded to an employee or former employee under state law may involve an employee benefit plan does not mean that the case is subject to ERISA preemption. *Martori*

*Brothers Distributors, Inc. v. James–Massengale*, 781 F.2d 1349 (9th Cir.1986), *cert. denied* 479 U.S. 1018, 107 S.Ct. 670, 93 L.Ed.2d 722 (1986); *Schultz v. National Coalition of Hispanic Mental Health Organizations*, 678 F.Supp. 936 (D.D.C.1988).

In *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116 (4th Cir.1989), the Fourth Circuit held that there is no ERISA pre-emption for a claim where damages would be measured in part by the lost pension benefits the complaining party would have received, but the pension trust itself would not be liable and the administrators of the pension plan would not be burdened in any way.

It appears that in the present case, from the complaint filed by Mr. Gregory that he was principally pursuing relief under the West Virginia Human Rights Act. The overall record shows that he was seeking back wages, and a fair reading of the record suggests, contrary to the hearing examiner's remark, that pension issues were merely peripheral to the principal questions in the case. Also, there is no pension trust defendant, and although the amount of recovery could in part be measured by benefits the plan would have provided, the recovery itself did not become an obligation of the pension plan.

Under the overall circumstances of the case and given the federal precedent in *Pizlo*, this Court believes that the Human Rights Commission did not err in finding that Mr. Gregory's claim is not pre-empted by federal law.

▪ Lastly, the appellant claims that the Human Rights Commission erred in awarding incidental damages. It essentially argues that there was no evidence that Mr. Gregory felt embarrassment, shame, or humiliation as a result of its failure to hire him.

During the hearings in this case, contrary to assertions of the appellant, Mr. Gregory testified in a manner which suggested that he was humiliated and embarrassed because of the action taken by the appellant in refusing to hire him. As previ-

ously indicated, at one point while Mr. Gregory was seeking a job he spoke with a supervisory individual in the appellant's organization who basically told him that he would not fit in with the company. Mr. Gregory testified that he had been with the company for over thirty years and that:

> I sat there maybe five or ten seconds after that. I don't know whether it means anything to anybody else in the world or not, but you couldn't have took a knife and cut my heart out and made me hurt any worse inside, when a man tells you you don't fit in.

He further testified that the discrimination affected him mentally. He said: "[A]s far as working for a company basically all your life and then they tell you that you don't fit in when you get a few years on you. I think that most people would have felt the same way that I did. It hurt."

■ This Court has indicated that complainants who successfully challenge discrimination before the Human Rights Commission are entitled to damages for humiliation and embarrassment. *State Human Rights Commission v. Pearlman Realty Agency,* 161 W.Va. 1, 239 S.E.2d 145 (1977); *State ex rel. State of West Virginia Human Rights Commission v. Logan–Mingo Area Mental Health Agency, Inc., supra; Bishop Coal Company v. Salyers,* 181 W.Va. 71, 380 S.E.2d 238 (1989).

This Court believes, contrary to the appellant's assertion, that Mr. Gregory did submit evidence of humiliation, embarrassment, and emotional distress and that, under the circumstances, the Court cannot conclude that the Human Rights Commission erred in awarding him incidental damages.

For the reasons stated, the decision of the West Virginia Human Rights Commission is affirmed.

Affirmed.